UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MICHAEL DAVID STAMP,

        Defendant.
_____/

No. 17-CR-258

Hon. Paul L. Maloney
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Michael David Stamp and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Plea to Information.</u>   The defendant gives up the right to Indictment by a grand jury and agrees to plead guilty to the Information charging him with conspiracy to commit bank fraud and provide false statements, in violation of Title 18, United States Code, Section 371.

2.    <u>Defendant Understands the Crime.</u>   In order for the defendant to be guilty of violating Title 18, United States Code, Section 371, the following must be true:

       a.   Two or more people conspired, or agreed, to commit bank fraud and provide false statements;

       b.   The defendant knowingly joined the conspiracy; and

       c.   A member of the conspiracy did at least one of the overt acts alleged in the Information for the purpose of advancing or helping the conspiracy.

The defendant is pleading guilty because he is guilty of the charge described above.

3.  <u>The Defendant Understands the Penalty.</u>   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 371 is the following: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100. The defendant agrees to pay the special assessment at or before the time of sentencing unless the defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.  <u>Mandatory Restitution (MRVA).</u>   The defendant understands that he will be required to pay full restitution as required by law.

5.  <u>Supervised Release Defined.</u>   Supervised release is a period of time following imprisonment during which the defendant will be subject to various restrictions and requirements. The defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.  <u>Asset Forfeiture and Financial Accountability.</u>   The Defendant agrees to disclose to law enforcement officials the whereabouts of, the Defendant's ownership interest in, and all other information known to the Defendant about, all monies, property or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the Defendant's illegal activities. The Defendant further agrees to forfeit all rights, title, and interest in and to such items. The Defendant agrees to execute and deliver to the U.S. Attorney's Office a completed financial statement (Form OBD-500) listing the Defendant's assets.

7.  <u>Cooperation in Criminal Investigations.</u>   The Defendant agrees to fully

cooperate with the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in this Information, as well as the investigation of crimes over which they have actual or apparent jurisdiction. The Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning the Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in the Defendant's possession or under the Defendant's control, including, but not limited to, objects, documents, and photographs. The Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which the Defendant should reasonably know will assist in the investigation of other criminal activity. The Defendant will not commit any criminal offense during the course of his cooperation with the United States. The Defendant will submit to polygraph examination(s) upon request. The Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which the Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed

8. <u>The United States Attorney's Office Agrees</u>.

    a. <u>Dismissal of the Indictment.</u> The U.S. Attorney's Office for the Western District of Michigan agrees to move dismiss the underlying Indictment and Superseding Indictment against the defendant at the time of sentencing.

    b. <u>Acceptance of Responsibility.</u> The U.S. Attorney's Office agrees not to oppose the defendant's request for a two-level reduction of his offense level for

acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to the defendant's request if it subsequently learns of conduct by the defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

9.  <u>Waiver of Constitutional Rights</u>.  By pleading guilty, the defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of the defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, the defendant would have had the following rights:

   a.  The right to the assistance of counsel, including, if the defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the defendant.

   b.  The right to be presumed innocent and to have the burden of proof placed on the Government to prove the defendant guilty beyond a reasonable doubt.

   c.  The right to confront and cross-examine witnesses against the defendant.

   d.  The right, if the defendant wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.  The right not to be compelled to testify, and, if the defendant chose not to testify or present evidence, to have that choice not be used against the Defendant.

f.  By pleading guilty, the defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

10. **Waiver of Other Rights.**

a.  <u>Waiver</u>.  In exchange for the promises made by the government in entering this plea agreement, the defendant waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

b.  <u>Exceptions</u>.  The defendant may appeal or seek collateral relief to raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) the defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2) the defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) the guilty plea was involuntary or unknowing;

4) an attorney who represented the defendant during the course of this criminal case provided ineffective assistance of counsel.

If the defendant appeals or seeks collateral relief, the defendant may not present any issue in the proceeding other than those described in this subparagraph.

c.  <u>FOIA Requests.</u> The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case,

including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11. <u>The Court is not a Party to this Agreement</u>.   The defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement.  The defendant understands that no one – not the prosecutor, the defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence the defendant will receive, except that it will be within the statutory maximum.

12. <u>This Agreement is Limited to the Parties</u>.   This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by the defendant.

13. <u>Consequences of Breach</u>.   If the defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which the defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, the defendant shall remain

liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. The defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

14. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

15. <u>Deadline for Acceptance</u>. If a copy of this agreement, executed by the Defendant and defense counsel, is not returned to the U.S. Attorney's Office by April 10, 2019, this agreement will be withdrawn automatically and will thereafter have no legal effect or force, unless the U.S. Attorney's Office, in its sole discretion, chooses to accept an executed agreement after that date.

```
                                        ANDREW BYERLY BIRGE
                                        United States Attorney
```

_4/11/19_
Date

CLAY STIFFLER
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_4-11-19_
Date

MICHAEL DAVID STAMP
Defendant

I am Michael David Stamp's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_4-11-19_
Date

SCOTT GRAHAM
Attorney for Defendant

8