UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, )
                   Plaintiff, )
                                          )   No. 1:17-cr-258-01
-v- )
                                          )   Honorable Paul L. Maloney
MICHAEL DAVID STAMP, )
                   Defendant. )
                                          )

## MEMORANDUM OPINION AND ORDER

Defendant Michael Stamp requests the Court modify his sentence under 18 U.S.C. § 3582(c)(2) (ECF No. 312). Defendant relies on Amendment 821 to the Sentencing Guidelines, which the Sentencing Commission has made retroactive. The Court will deny the motion.

Once a district court imposes a sentence, the court may not modify that sentence except in limited circumstances. *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021). One such exception, § 3582(c), permits a district court to modify a sentence when the Sentencing Commission makes guidelines modifications that lower the sentencing guidelines range for that defendant. 18 U.S.C. § 3582(c)(2). The district court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

For motions brought under § 3582(c), district courts conduct a two-step review. *See United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*,

560 U.S. 817, 826-27 (2010)). In motions that rely on Amendment 821, the court must first determine if the Sentencing Commission's changes actually lowered the defendant's guidelines range and whether the reduction is consistent with applicable policy statements. Second, the court must consider the § 3553(a) factors to decide whether to exercise its discretion to reduce the defendant's sentence. Defendant's motion fails at the first step.

Amendment 821 contains two retroactive provisions. Part A of Amendment 821 decreases "status points" by one point for defendants with seven or more criminal history points and eliminates "status points" for defendants with six or fewer criminal history points. "Status points" are those points that were applied under then United States Sentencing Guideline (U.S.S.G.) § 4A1.1(d) if the defendant committed his or her federal offense while on probation, parole, supervised release, imprisonment, work release, or escape status. Part B of Amendment 821 provides for a decrease of two offense levels for "zero-point offenders" (no criminal history points), whose offense did not involve specific aggravating factors.

In his motion, Defendant specifically invokes Part A and Part B of Amendment 821 and claims he is entitled to a reduced sentence. A review of the presentence report (ECF No. 278) reveals Defendant's criminal history score was zero, so he is a zero-point offender. However, Defendant must also demonstrate the absence of the specific aggravating factors listed at U.S.S.G. § 4C1.1(a).

Section 4C1.1(a)(10) prohibits a reduction for zero-point offenders if the defendant received an aggravating role adjustment under § 3B1.1. Here, Defendant received a 4-level enhancement for being an organizer or leader under § 3B1.1(a). (PSR ¶ 146). This renders him ineligible for a reduction under Part B of the Amendment. Similarly, Defendant is not

eligible under Part A of Amendment 821 because he did not receive "status points." Since Amendment 821 does not have the effect of reducing Defendant's guideline range, he is not eligible for a reduction in sentence.

Defendant also requests the appointment of counsel. Generally, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). "[T]here is no right to appointed counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). "[T]he decision to appoint an attorney is left to the discretion of the district court." *United States v. Webb*, 565 F.3d 789, 795 (11th Cir. 2009). Here, Defendant is clearly ineligible for a sentence reduction under Amendment 821; therefore, the Court declines to appoint counsel.

Accordingly, the court **DENIES** the motion for a sentence reduction and the request for appointment of counsel (ECF No. 312).

**IT IS SO ORDERED.**

Date: March 27, 2024 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge